IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-305-BR
No. 5:12-CV-535-BR

| | |
|---|---|
| JERRY LEE MERCER, )<br>        Petitioner, )<br>                            )<br>    v.                              )<br>                              )<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | ORDER |

This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 10 May 2006, a jury convicted petitioner of possession with the intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). At sentencing, on 7 August 2006, the court determined that petitioner was a career offender under U.S.S.G. § 4B1.1 and that he qualified for an enhanced sentence under 21 U.S.C. § 841(b)(1)(B), all based on his prior North Carolina convictions for sale of cocaine, assault with a deadly weapon on a law enforcement officer, and possession of cocaine/possession with intent to sell or deliver marijuana. (See PSR ¶¶ 16, 26, 30, 57, 61.) The court sentenced him to 360 months imprisonment. On appeal, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. (DE # 68.)

In his § 2255 motion, petitioner asserts one claim. He contends that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he does not have the requisite

convictions for the career offender enhancement or the § 841 enhancement, and therefore, he should be resentenced. Under the sentencing guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2005). Petitioner's claim centers on whether his prior convictions satisfy the third element.

Under the career offender guideline, "'[p]rior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . ." Id. § 4B1.2, App. N.1. A "crime of violence" includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that [] has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." Id. § 4B1.2(a)(1). A "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . ." Id. § 4B1.2(b).

To be subject to an enhanced sentence under § 841(b)(1)(B), as petitioner was (i.e., a mandatory minimum term of imprisonment of 10 years), a defendant must have violated § 841(a); a certain threshold amount of specified controlled substance must have been involved in the § 841(a) offense; and the defendant must have committed the § 841(a) "violation after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B) (2002). "The

2

term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct related to narcotic drugs . . . ." Id. § 802(44).

In Simmons, the court held that in determining whether a prior conviction is for an offense punishable by imprisonment for a term exceeding one year, the district court must examine whether the specific defendant could have received a sentence of greater than one year imprisonment, considering his criminal history and the nature of the offense. 649 F.3d at 243-44. The court must look to the sentence which could have been imposed *at the time of the defendant's conviction for that offense*. See United States v. Harris, 458 F. App'x 297, 299 (4th Cir. 2011) (analyzing the defendant's 1992 and 1994 North Carolina convictions under Simmons by reference to the punishment applicable pursuant to North Carolina's Fair Sentencing Act, which was repealed effective 1 October 1994).

The court examines petitioner's prior North Carolina convictions to determine whether they qualify under the career offender enhancement and the § 841 enhancement. On 21 March 1991, petitioner was convicted of sale of cocaine.[1] (PSR ¶ 16.) That offense is a Class H felony under North Carolina law. See N.C. Gen. Stat. §§ 90-90(1)(d) (designating cocaine as a Schedule II controlled substance), 90-95(b)(1) (anyone who manufactures, sells or delivers, or possesses with intent to manufacture, sell or deliver, a controlled substance classified in Schedule II shall be punished as a Class H felon). At the time of petitioner's conviction for that offense, North Carolina's Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.1 *et seq.*, was in

---

[1] Although petitioner raised an objection to his being deemed a career offender based on over-representation of the seriousness of the offense and his criminal history, he did not object to the facts relevant to any prior conviction. (See 8/7/06 Tr., DE # 71-2, at 4-7.)

3

effect. See State v. Lawrence, 667 S.E.2d 262, 263 (N.C. Ct. App. 2008) ("Offenses committed prior to 1 October 1994 are controlled by the Fair Sentencing Act. (Article 81A of Chapter 15A of the North Carolina General Statutes)."). Under that Act, "a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years." Id. at 264; see also N.C. Gen. Stat. §§ 14-1.1(a)(8) (repealed 1995) ("A Class H felony shall be punishable by imprisonment up to 10 years, or a fine or both[.]"), 15A-1340.4(f)(6) (repealed 1995) (presumptive prison term for Class H felony is three years). Therefore, as to his 1991 conviction, petitioner could have received a sentence of a term of imprisonment in excess of one year.[2] Also, the sale of cocaine is clearly a controlled substance offense under U.S.S.G. § 4B1.2(b) because it is a state law offense that prohibits the distribution or dispensing of a controlled substance. The conviction thus qualifies as a predicate for the career offender enhancement.

Additionally by virtue of the 1991 conviction, petitioner properly qualified for the § 841 enhancement. As noted previously, petitioner was convicted of violating 21 U.S.C. § 841(a), with the offense involving five grams or more of cocaine base. His 1991 conviction is a felony drug offense because the sale of cocaine is an offense under state law that prohibits or restricts conduct related to narcotic drugs and because, as discussed above, petitioner could have been sentenced to a term of imprisonment of more than one year. The court notes that a defendant

---

[2]In fact, petitioner was sentenced to six years imprisonment. (PSR ¶ 16.) Although that term of imprisonment was suspended to 64 days custody, (id.), the actual time petitioner spent imprisoned is irrelevant, see Hazel v. United States, No. 2:05-cr-0722, 2012 WL 2357663, at *3 (D.S.C. June 20, 2012) (denying petitioner's § 2255 motion based on Simmons where his sentence had been based on the career offender enhancement due to prior North Carolina convictions for which he had received suspended terms of imprisonment in excess of one year; recognizing that "[w]hether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are 'felonies' for the purposes of sentencing").

4

need only have been previously convicted of one felony drug offense to qualify for the § 841 enhancement. Accordingly, because the 1991 conviction qualifies as such an offense, the court does not consider whether any of petitioner's other prior North Carolina convictions so qualify.

Turning to petitioner's next conviction that was used to enhance his sentence, on 2 December 1998, petitioner was convicted of assault with a deadly weapon on a law enforcement officer. (Mem., Attach., DE # 71-1, at 6-7; PSR ¶ 26.) That offense is a Class F felony under North Carolina law. N.C. Gen. Stat. § 14-34.2 (1995). According to the judgment of conviction, petitioner's prior record level was II, and the court made no findings of aggravating or mitigating factors. (Mem., Attach., DE # 71-1, at 6.) With that record level for a Class F felony, the presumptive minimum range of imprisonment to which petitioner could have been sentenced was 15-19 months.³ N.C. Gen. Stat. § 15A-1340.17(c) (1997). Therefore, as to this 1998 conviction, petitioner could have received a sentence of a term of imprisonment in excess of one year. Furthermore, the offense of assault with a deadly weapon on a law enforcement officer is a crime of violence for purposes of the career offender enhancement because it has an element the use or attempted use of physical force against another person. See U.S.S.G. § 4B1.2(a)(1); In re Murdock, 730 S.E.2d 811 (N.C. Ct. App. 2012) (elements of assault are "'an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence

---

³Given this presumptive range with petitioner's stated prior record level of II, and without any findings of mitigating or aggravating factors, it is unclear how the North Carolina trial court arrived at petitioner's sentence of a minimum term of imprisonment of 10 months and a maximum term of imprisonment of 12 months. (See Mem., Attach., DE # 71-1, at 6.) For a Class F felony, the absolute minimum range of imprisonment to which a defendant could be sentenced was 10-13 months and that was for a defendant who had the lowest prior record level, I, and where the court has found mitigating factors. See N.C. Gen. Stat. § 15A-1340.17(c) (1997). Thus, even a defendant sentenced to that mitigated range could have received a sentence of a term of imprisonment in excess of one year. At any rate, "'the actual sentence imposed is irrelevant.'" Hazel, 2012 WL 2357663, at *2 (quoting United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012)).

5

must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.'" (citation omitted)); State v. Coria, 508 S.E.2d 1, 5 (N.C. Ct. App. 1998) (elements of assault with a deadly weapon on a law enforcement officer are (1) assault, (2) with a deadly weapon, (3) against a law enforcement officer, (4) engaged in the performance of his official duties). Thus, the 1998 conviction also qualifies as a predicate for the career offender enhancement. Because this conviction along with the 1991 conviction qualified petitioner for career offender status, the court does not consider whether petitioner's prior conviction for possession of cocaine/possession with intent to sell or deliver marijuana would also qualify as a predicate conviction.

For the foregoing reasons, petitioner is not entitled to relief, and the § 2255 petition is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 23 October 2012.

_____
W. Earl Britt
Senior U.S. District Judge